**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 12 2011

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MICHAEL YOUNG                                                              PLAINTIFF

V.                                    CASE NO. 3:11CV00161-BRW

WEST MEMPHIS POLICE DEPARTMENT;            This case assigned to District Judge Wilson
ROBERT PAUDERT, CHIEF OF THE WEST          and to Magistrate Judge Ray
MEMPHIS POLICE DEPARTMENT, IN HIS
INDIVIDUAL CAPACITY; SCOTT MCCALL,
IN HIS INDIVIDUAL CAPACITY; and LESTER
DITTO, IN HIS INDIVIDUAL CAPACITY          DEFENDANTS

## COMPLAINT

NOW COMES Michael Young, by and through his attorneys John W. Walker and Bridgette M. Frazier and states to wit:

### INTRODUCTION

This is an action for damages and declaratory relief brought pursuant to 42 U.S.C §1983 to redress Federal and State Constitutional violations and statutory violations committed by the Defendants. The Individual Defendant's physical abuse, choking, assault, intimidation, and humiliation of Plaintiff deprived Plaintiff of his Fourth and Fourteenth rights as well as rights secured to him under the laws of the State of Arkansas. Plaintiff further alleges that the Defendant officers conspired to violate his rights under the Fourth and Fourteenth Amendments in trying to cover up their illegal treatment of Plaintiff. Finally, Plaintiff alleges that the Defendant West Memphis Police Department, by and through its Chief, Robert Paudert has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper under 42 U.S.C. §1331 and §1343. Declaratory relief is proper under 28 U.S.C. §§2201 and 2202. Plaintiff's supplemental state constitutional and law claims are proper under 28 U.S.C. §1367. Attorney's fees are proper pursuant to 42 U.S.C. §1988.

2. Venue is proper pursuant to 28 U.S.C. §1391 as all of the events which give rise to this action occurred in West Memphis, Arkansas.

## PARTIES

3. Plaintiff Michael Young ("Young") is an African-American male. He resides in Crawfordsville, Arkansas.

4. Defendant West Memphis Police Department ("WMPD") is a municipal entity organized under Arkansas Code Ann. §14-52-101. Its principal address is 626 East Broadway, West Memphis, Arkansas 72301.

5. Defendant Robert Paudert ("Paudert") is the Chief of Police for the West Memphis Police Department. He is responsible for the hiring, training, supervision, disciplining and retention of police officers employed by the WMPD. At all times relevant herein, he was acting under the color of state law.

6. Defendant Scott McCall ("McCall") was an officer with the WMPD and is sued in his Individual capacity as an officer for the WMPD. At all relevant times herein, he was acting under the color of state law.

7. Defendant Lester Ditto ("Ditto") was an Internal Affairs officer with the WMPD. At all relevant times herein, he was acting under the color of state law.

## FACTS

8. On June 14, 2010, Michael Young went to the West Memphis Police Department with his wife, Monica Young, his Daughter, Courtney Martin, and a family friend. They were at the police department for the sole purpose of inquiring about a traffic citation issued to Ms. Martin earlier that day.

9. The citation was signed by Officer Randy Lancaster who was still on duty and present at the station. Officer Lancaster told Mr. Young that if they had an issue with the ticket, they had to take it up in court.

10. Mr. Young replied, "Y'all are doing a very good job and keep up the work".

11. Officer Lancaster told Mr. Young that Mr. Young was trying to be sarcastic and that he would "arrest [his] ass" for disorderly conduct.

12. The family then turned around to leave the station.

13. As they walked out of the police station, out of futility, Mr. Young said "Fuck it", and threw his hands in the air.

14. Officer Lancaster quickly came from behind the police desk and initiated an arrest of Mr. Young.

15. As Officer Lancaster started to cuff Mr. Young, he ordered the rest of the family out of the police staion.

16. Mr. Young did not resist the arrest, and complied with all instructions and directions given to him by Officer Lancaster.

17. Officer Lancaster directed Mr. Young to sit on a bench.

18. While Mr. Young was handcuffed and sitting, Officer McCall approached him several times.

19. Each time, he would yell obscenities at the Plaintiff, calling him a "stupid mother fucker" and ignorant among other things, and referring to the Plaintiff as "boy".

20. Based in his knowledge of the WMPD, Plaintiff did not react to Officer McCall's hateful and vitriolic behavior.

21. When the Plaintiff steadfastly refused to offer a reaction, Officer McCall lunged at the Plaintiff.

22. McCall then put his hands around Plaintiff's neck and pressing his thumbs against his throat, began violently choking him.

23. While choking Mr. Young, McCall also repeatedly banged Mr. Young's head against the wall.

24. As Mr. Young began blacking out, other officers tackled Officer McCall in an attempt to get him off of the Plaintiff.

25. Officer Lancaster eventually escorted the dazed and confused Plaintiff out of the police station, and transported him to the county jail for processing.

26. During his ride to the jail, Plaintiff complained of problems breathing and asked Officer Lancaster if he would take him to the emergency room.

27. Mr. Lancaster denied the Plaintiff medical treatment, stating that Plaintiff could take his own self to the ER after he was released from jail.

28. During his detention, he did not receive any medical attention for even though he complained repeatedly about his serious medical complaints. Mr. Young finally received medical attention after his release.

29. As a result of the assault and battery perpetuated upon Mr. Young, he has suffered physical and emotional injuries.

## Plaintiff's Federal Claims

### COUNT I
### EXCESSIVE USE OF FORCE UNDER 42 U.S.C. §1983

30. The Plaintiff restates the allegations in paragraphs 1 through 29 and incorporates said paragraphs herein as paragraph 30.

31. Defendant McCall's actions and omissions were intentional, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The degree of force used by Defendant McCall was excessive because it was not reasonably necessary to use such force on Mr. Young. Mr. Young was already cuffed and seated when McCall started to choke him and beat his head against the wall.

32. Mr. Young submitted to Officer Lancaster's authority and directions. His words, behavior and mannerisms should not have led a reasonable officer to believe that any force was needed when he was sitting peacefully on the bench.

33. The excessive force used by Officer McCall is the direct cause of the injuries and losses claimed herein.

### COUNT II
### VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION UNDER THE LAW

34. The Plaintiff restates the allegations in paragraphs 1 through 33 and incorporates said paragraphs herein as paragraph 34.

35. Defendants' discriminated against Mr. Young on account of his race. Such discrimination is impermissible under the 14th Amendment of the U.S. Constitution.

36. Such intent can be inferred by Officer McCall repeatedly calling Mr. Young "boy", even though it was apparent that Mr. Young is an adult male.

## COUNT III
## VIOLATION OF PLAINTIFF'S RIGHT TO MEDICAL TREATMENT

37. The Plaintiff restates the allegations in paragraphs 1 through 36 and incorporates said paragraphs herein as paragraph 37.

38. Defendants showed a deliberate indifference to Plaintiff's medical needs.

39. After Plaintiff was assaulted, he repeatedly complained of injuries and asked for medical treatment.

40. Even though he told an officer of the WMPD that he was "having hard time breathing", the officer informed him that he could go to the emergency room only after he gets his "ass out of jail".

41. The denial of medical treatment of the Plaintiff caused him further pain and suffering.

## COUNT IX
## CIVIL RIGHTS CONSPIRACY

42. The Plaintiff restates the allegations in paragraphs 1 through 40 and incorporates said paragraphs herein as paragraph 41.

43. The Defendants, acting under color of law, conspired to deprive the Plaintiff of his constitutional rights in violation of 42 U.S.C. §1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

44. Specifically, on Officer McCall's behalf, Officer Ditto intimidated and harassed witnesses in order to cover up McCall's illegal treatment of Mr. Young.

45. Under Ditto's influence, several Officers gave false testimony with the purpose of convicting Mr. Young.

## COUNT X
## MUNICIPAL LIABILITY

46. The Plaintiff restates the allegations in paragraphs 1 through 45 and incorporates said paragraphs herein as paragraph 46.

47. Plaintiff, based upon information and upon the circumstances surrounding his contact with the West Memphis Police Department, believes that there exists and has existed for a time prior to the incident relating to the Plaintiff, a deliberate indifference by the Defendant Paudert to the complaints of citizens regarding the alleged improper actions of its police officers.

48. As a result of the deliberate indifference of the Defendant Paudert and his failure to properly discipline, supervise and adequately train the members of his Police Department, Plaintiff suffered not only insults and indignities to his person but actual physical injuries.

49. Such failure is evidenced by the WPMD's refusal to take any action in investigating or reprimanding McCall's behavior. Not only did Paudert not reprimand McCall after his assault on Plaintiff, but members of the WMPD actually tried to cover up McCall's tortuous and illegal behavior. Even after Defendants McCall and Ditto were indicted by a federal grand jury for their actions towards Plaintiff, Paudert still had not decided whether or not to suspend them.

50. Paudert's failure to discipline Officer McCall after McCall assaulted a seated, handcuffed man would lead other officers to think that behavior was accepted and tolerated by the WMPD.

### Plaintiff's State Law Claims

### COUNT XI
### ASSAULT AND BATTERY

51. The Plaintiff restates the allegations in paragraphs 1 through 50 and incorporates said paragraphs herein as paragraph 51.

52. Officer McCall's unprovoked attack on Mr. Young was an assault and battery.

53. McCall's actions were intentional, willful, and exhibited an intention to cause serious physical harm to the Plaintiff.

54. Plaintiff thought he would die when McCall started choking him and beating his head against the wall.

55. Officer McCall had to be tackled and physically restrained by other police officers. But for those officers, Mr. Young might have suffered further injury.

56. Mr. Young suffered physical and emotional injuries as a result of McCall's actions.

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. The Plaintiff restates the allegations in paragraphs 1 through 51 and incorporates said paragraphs herein as paragraph 52.

58. McCall's actions were intentional, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights.

59. The attack on Mr. Young was extreme and outrageous, especially since Mr. Young was seated and handcuffed.

60. Plaintiff suffers severe emotional distress as a result of McCall's conduct.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court after a Trial by Jury:

A.   Enter a declaratory judgment that the Individual Defendants violated Plaintiff's right to be secure in his person against unreasonable treatment as guaranteed by the Fourth

and Fourteenth Amendments to the United States Constitution and Rights secured to him under the Constitution and laws of the State of Arkansas;

B. Award the Plaintiff compensatory damages against all Defendants jointly and severally in an amount to be determined at trial;

C. Enter a declaratory judgment that Individual Defendants actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard of the rights of Mr. Young;

D. Award the Plaintiff punitive damages against all individual Defendants in an amount sufficient to punish McCall, Ditto and others similarly situated from like conduct in the future;

E. Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

F. Grant such other and further relief as this Court deems equitable and just.

Respectfully submitted,

John W. Walker #64046
John W. Walker, P.A.
1723 Broadway
Little Rock, Arkansas 72206
501-374-3758
501-374-4187 (facsimile)
Email: johnwalkeratty@aol.com

Bridgette M. Frazier # 98036
Of Counsel
1723 W. Broadway
Little Rock, Arkansas

501-374-3758  
501-374-4187 (facsimile)  
Email: bridgette.m.frazier@gmail.com

Dated: August 11, 2011