**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

MICHAEL YOUNG                                                              PLAINTIFF

v.                                      3:11-CV-00161-BRW

WEST MEMPHIS POLICE DEPARTMENT, *et al*.                    DEFENDANTS

<u>ORDER</u>

Pending is Defendants' Motion to Stay Proceedings (Doc. No. 5). Plaintiff has not responded, and the time for doing so has passed.[1] For the reasons set out below, Defendants' Motion is GRANTED.

**I.     BACKGROUND**

Defendant Scott McCall was an officer with the West Memphis Police Department ("WMPD"). Defendant Lester Ditto was an internal affairs officer with the WMPD. On April 6, 2011, Defendants Scott McCall and Lester Ditto were indicted in the United States District Court, Eastern District of Arkansas. Defendant McCall is charged with choking Plaintiff while acting under the color of law and "willfully depriv[ing] [Plaintiff] of the rights secured and protected by the Constitution of the United States not to be subjected to unreasonable seizure . . . ."[2] Defendant Ditto was charged with three counts of tampering with a witness.[3]

---

[1] A response was due by November 25, 2011.

[2] Doc. No. 1, *United States v. McCall*, No. 4:11-CR-00072-JMM.

[3] *Id*.

On August 12, 2011, Plaintiff sued Defendants McCall and Ditto alleging that McCall choked him and that Ditto intimidated and harassed witnesses to cover up McCall's actions.[4] Plaintiff's causes of action are based on both federal and state law.

The criminal indictment and this civil case are based on the same set of facts.  Defendants ask that the civil action be stayed pending the outcome of the criminal case.  Plaintiff has not objected to this request.

## II.    DISCUSSION

A court may, in its discretion, stay a civil action "pending the completion of parallel criminal prosecutions when the interests of justice seem[] to require such action . . . ."[5]  In deciding whether to grant a stay, courts consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation . . . and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.[6]

### A.    Plaintiff's Interest / Prejudice to Plaintiff

Defendants contend that Plaintiff will not be prejudiced by a stay because Defendants have the right to assert their Fifth Amendment privileges in the civil case, which would potentially hinder Plaintiff's discovery effort.  Defendants also contend that Plaintiff seeks monetary damages, which he can still pursue if the case is stayed.  Lastly, Defendants maintain that speedy trial requirements

---

[4]Doc. No. 1.  Plaintiff also sued  the WMPD, and Robert Paudert, the Chief of the WMPD, in his individual capacity.

[5]*United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).

[6]*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995).

ensure that the stay will be "finite, if not very brief."[7]  I agree with these assertions, but acknowledge Plaintiff's right to proceed in this action.  Given, however, that Plaintiff apparently does not object, this factor weighs in favor of a stay.

### B.     Burden on Defendants

Defendants contend that proceeding with parallel criminal and civil actions will greatly burden them.  Defendants' lawyer, Tracy Dennis,  maintains that Defendant McCall's and Defendant Ditto's criminal defense counsels have instructed McCall and Ditto not to speak with Defense Counsel pending the outcome of the criminal prosecution, which obviously hinders Ms. Dennis's ability to defend this civil case.  Defendants also point out that civil discovery might yield evidence that could be used against them in the criminal trial.  This factor also weighs in favor of a stay.

### C.     The Court's Interest

A court has conflicting concerns in weighing a motion to stay: the court has an interest in moving cases along on its docket, but allowing the completion of the criminal matter could "eliminate much of the Court's work in the civil action" by simplifying civil discovery.[8]  This factor, too, weighs in favor of a stay.

### D.     The Interest of Non-Parties and of the Public

I acknowledge that Plaintiff's family members, not parties to this case, have an interest in concluding this civil action promptly.  Again, however, Plaintiff did not object to a stay in this case.

---

[7]Doc. No. 6.

[8]*Turley v. United States*, No. 02-4066-CV-C-NKL, 2002 U.S. Dist. Lexis 16964, at *10 (W.D. Mo. Aug. 22, 2002) (citing *Nowacyzk v. Matingas*, 146 F.R.D. 169, 175 (N.D. Ill. 1993) and *White v. Mapco Gas Products, Inc*., 116 F.R.D. 498, 502 (E.D. Ark. 1987)).

While this case is not a class action touching the public at large, the public has an interest in the conclusion of this case against officers of the law -- if Plaintiff is successful, this case could deter similar, future behavior.  The public, however, has a stronger interest in the criminal prosecution of unlawful acts by officers of the law, and therefore a strong interest in the conclusion of the criminal case.  Overall, these factors also weigh in favor of a stay.

## CONCLUSION

After weighing the factors above, and taking into account that Plaintiff did not respond to Defendants' Motion, the civil action will be stayed pending the outcome of the parallel criminal proceeding.  Accordingly, Defendants' Motion is GRANTED and this case is stayed.  The Clerk's Office is directed to administratively terminate the case without prejudice and the parties are directed to file a motion to reopen, if necessary, when the criminal matter has been resolved.

IT IS SO ORDERED this 5th day of December, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE